UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIO MOLINA, LUIS ALONSO ALDANA, and
WALTER ALEXANDER ULLOA, individually and on
behalf of all others similarly situated,                                           CIVIL ACTION NO.

                        Plaintiffs,

                                                                                                                COMPLAINT

               -against-

FIRST CHOICE PL, INC., VERONICA AZULAI, and RON
MAIMON AZULAI,

                        Defendants.
------------------------------------------------------------------------X

Plaintiffs Mario Molina, Luis Alonso Aldana, and Walter Alexander Ulloa (collectively, "Plaintiffs"), by their attorneys, Katz Melinger PLLC, complaining of the defendants, First Choice PL, Inc. ("First Choice"), Veronica Azulai ("Veronica"), and Ron Maimon Azulai ("Ron") (collectively, "Defendants"), respectfully allege as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"); New York Labor Laws ("NYLL") §§ 190 et seq. and 650 et seq.; and any other cause of action which can be inferred from the facts herein.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the State of New York.

6. At all relevant times, Defendants employed Plaintiff Molina as a machine operator.

7. At all relevant times, Defendants employed Plaintiff Aldana as a driver.

8. At all relevant times, Defendants employed Plaintiff Ulloa as a plumber.

9. Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

10. First Choice is a domestic corporation with its principal place of business located at 199-04 Romeo Court, Hollis, New York 11423.

11. First Choice offers residential and commercial plumbing and heating services to its clients.

12. Upon information and belief, Veronica and Ron are individuals residing in the State of New York.

13. At all relevant times, Veronica and Ron were, and still are, owners, officers, and/or persons in control of First Choice, who exercised significant control over the operations of First Choice and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14. At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities and for supervising their performance.

15. At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

16. At all relevant times, Defendants were responsible for compensating Plaintiffs.

17. Defendants jointly managed, supervised, hired, fired, and controlled Plaintiffs' compensation and are jointly and severally liable in this matter.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

19. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

20. Defendants operate in interstate commerce.

21. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

22. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated employees who were employed by Defendants since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

23. The FLSA Collective Plaintiffs consist of no less than fourteen (14) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages for all hours worked in excess of forty (40) hours per week.

24. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern,

practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the requisite overtime rates for all hours worked in excess of forty (40) per week.

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

26. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

27. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

Plaintiff Molina

28. Plaintiff Molina worked for Defendants as a helper and machine operator from in or around January 2006 until on or around November 4, 2022.

29. As a helper and machine operator, Plaintiff Molina's primary job duties consisted of transporting materials, performing excavations, and providing plumbing and mechanical work.

30. From the start of Plaintiff Molina's employment until on or around November 7, 2022, he regularly worked Mondays through Fridays from between 8:00 a.m. and 9:00 a.m. until approximately 5:00 p.m. to 7:00 p.m., for an average of approximately forty-seven and a half (47.5) hours worked per week.

31. Throughout most of Plaintiff Molina's employment, Defendants did not track or otherwise record the hours Plaintiff Molina actually worked. Sometime in or around 2020, Defendants implemented a timecard system whereby employees clocked in every day. However, the system was not strictly enforced, and employees were not required to clock out, thus the time records were incomplete and unreliable.

32. Additionally, Plaintiff Molina was not afforded any meal or rest breaks throughout his employment with Defendants.

33. From in or around January 2017 until the end of Plaintiff Molina's employment, Defendants paid Plaintiff Molina a fixed weekly salary of $850.00 regardless of the number of hours he worked each week.

<u>Plaintiff Aldana</u>

34. Plaintiff Aldana worked for Defendants as a driver from in or around December 2021 until on or around November 7, 2022.

35. As a driver, Plaintiff Aldana's primary job duties consisted of driving the company truck from Defendants' headquarters to the assigned work sites.

36. From the start of Plaintiff Aldana's employment until on or around November 7, 2022, Plaintiff Aldana regularly worked Mondays through Fridays from 8:00 a.m. until approximately 5:00 p.m. to 6:00 p.m., for an average of forty-seven and a half (47.5) hours worked per week.

37. Throughout Plaintiff Aldana's employment, Defendants utilized a timecard system whereby employees clocked in every day. However, the system was not strictly enforced, and employees were not required to clock out, thus the time records were incomplete and unreliable.

38. Additionally, Plaintiff Aldana was not afforded any meal or rest breaks throughout his employment with Defendants.

39. From in or around December 2021 until the end of Plaintiff Aldana's employment, Defendants paid Plaintiff Aldana a fixed weekly salary of $750.00 regardless of the number of hours he worked each week.

### Plaintiff Ulloa

40. Plaintiff Ulloa worked for Defendants as a plumber from in or around January 2017 until on or around November 7, 2022.

41. As a plumber, Plaintiff Ulloa's primary job duties consisted of connecting water lines, performing excavations, and performing plumbing work for businesses and residences.

42. From the start of Plaintiff Ulloa's employment until on or around November 7, 2022, Plaintiff Ulloa regularly worked Mondays through Fridays from 8:00 a.m. until approximately 5:00 p.m. to 7:00 p.m., for an average of fifty (50) hours worked per week.

43. Throughout most of Plaintiff Ulloa's employment, Defendants did not track or otherwise record the hours Plaintiff Ulloa actually worked. Sometime in or around 2020, Defendants implemented a timecard system whereby employees clocked in every day. However, the system was not strictly enforced, and employees were not required to clock out, thus the time records were incomplete and unreliable.

44. Additionally, Plaintiff Ulloa was not afforded any meal or rest breaks throughout his employment with Defendants.

45. From in or around January 2017 until the end of Plaintiff Ulloa's employment, Defendants paid Plaintiff Ulloa a fixed weekly salary of $950.00 regardless of the number of hours he worked each week.

### Defendants' Wage and Hour Violations as to Plaintiffs

46. While employed with Defendants, Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL, and were entitled to receive overtime compensation for all hours worked in excess of forty (40) per week.

47. Despite regularly working more than forty (40) hours per week, Plaintiffs did not receive the proper overtime wages due to them for all hours worked in excess of forty (40) per week.

48. Defendants also failed to furnish Plaintiffs with a payroll notice at the time of their hire, or at any time thereafter, containing allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer; or any other information required by NYLL § 195 (1).

49. Defendants further failed to furnish Plaintiffs with each wage payment, a statement listing Plaintiffs' regular and overtime rates of pay and the accurate number of regular and overtime hours worked, or any other information required by NYLL § 195 (3).

50. Defendants violated federal and state law by willfully failing to pay Plaintiffs overtime compensation and failing to provide them with the wage statements and payroll notices as required by NYLL §§ 195 (1) and (3).

### Plaintiffs Retaliation Claims Against Defendants

51. On or around Friday, November 4, 2022, Plaintiffs, alongside other employees, complained to Defendants that they were owed overtime wages and requested that Defendants pay all wages due to them.

52. Defendants responded by instructing the employees, including Plaintiffs Aldana and Ulloa, to go home and wait to be called back to work.

53. Defendants told Plaintiff Molina that his employment was terminated.

54. On or around Monday, November 7, 2022, Plaintiffs Aldana and Ulloa reported to work and were again told to go home and wait to be called back to work.

55. As of the filing of this lawsuit, none of the Plaintiffs have been called back to work after complaining of their owed overtime wages.

56. Defendants terminated Plaintiffs in retaliation for Plaintiffs' repeated efforts to assert their legal rights regarding their unpaid wages.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

57. Plaintiffs, individually, and on behalf of the FLSA Collective Plaintiffs, repeat and reallege all prior allegations.

58. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

59. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

60. Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

61. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

62. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of all wages due to them ("liquidated damages").

63. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Overtime Violations under the NYLL)*

64. Plaintiffs repeat and reallege all prior allegations.

65. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

66. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

67. Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours per week.

68. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

69. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

70. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Payroll Notices under the NYLL)*

71. Plaintiffs repeat and reallege all prior allegations.

72. Defendants failed to furnish to Plaintiffs at the start of their employment, or at any time thereafter, a notice containing their respective rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by Defendants; and any other information required by NYLL § 195 (1).

73. As Defendants failed to provide Plaintiffs with a payroll notice as required by NYLL § 195 (1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees and costs.

74. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action for $50.00 per day in which the violation occurred, up to maximum of $5,000.00 each, along with reasonable attorneys' fees and costs.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Wage Statements under the NYLL)*

75. Plaintiffs repeat and reallege all prior allegations.

76. Throughout the relevant period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: Plaintiffs' rate or rates of pay and basis thereof; the number of

regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in violation of NYLL § 195 (3).

77. As Defendants failed to provide Plaintiffs with wage statements required by NYLL § 195 (3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

78. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action for $250.00 per day in which the violation occurred, up to maximum of $5,000.00 each, along with reasonable attorneys' fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(*Retaliation under the FLSA*)

79. Plaintiffs repeat and reallege all prior allegations.

80. Defendants terminated Plaintiffs' employment in retaliation for Plaintiffs' attempt to assert their legal rights under the FLSA.

81. Defendants did not have any legitimate, non-retaliatory reason for terminating Plaintiffs' employment.

82. Defendants' termination of Plaintiffs' employment constitutes unlawful retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

83. Due to Defendants' violations of the law, Plaintiffs have been damaged and are entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

84. Judgment should be entered in favor of Plaintiffs against Defendants on the Fifth Cause of Action for emotional, physical, and punitive damages, if applicable, lost wages, front

pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(Retaliation under the NYLL)*

85. Plaintiffs repeat and reallege all prior allegations.

86. Defendants' termination of Plaintiffs constitutes unlawful retaliation in violation of NYLL § 215.

87. As a result of Defendants' violations of the law, Plaintiffs have been damaged and are entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

88. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action for emotional, physical, and punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs against Defendants for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiffs against Defendants for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiffs against Defendants for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Plaintiffs against Defendants for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action on behalf of Plaintiffs for all emotional, physical, and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action on behalf of Plaintiffs for all emotional, physical, and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

g) interest;

h) costs and disbursements; and

i) such other and further relief as is just and proper.

Dated: New York, New York
      July 11, 2023

                                  */s/ Nicole Grunfeld*
                                  Nicole Grunfeld
                                  KATZ MELINGER PLLC
                                  370 Lexington Avenue, Suite 1512
                                  New York, New York 10017
                                  T: (212) 460 - 0047
                                  ndgrunfeld@katzmelinger.com
                                  *Attorneys for Plaintiffs*