UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOLINA, et al.,

                Plaintiff,

-against-

FIRST CHOICE, et al.,

                Defendant.

**MEMORANDUM AND ORDER**
23-cv-5349-LDH-RML

LaSHANN DeARCY HALL, United States District Judge:

Mario Molina, Luis Alonso Aldana and Walter Alexander Ulloa ("Plaintiffs") bring this collective action against Defendants First Choice PL, Inc. ("First Choice") and its putative owners Veronica Azulai and Ron Maimon Azulai ("Defendants"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, et seq, and New York Labor Laws ("NYLL") §§ 190 et seq. and 650 et seq. on behalf of themselves and similarly situated employees who were employed by Defendants during the three years prior to the filing of the Complaint. (Second Am. Compl. ("SAC") ¶ 28, ECF No. 22.) Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' retaliation claims.

## BACKGROUND[1]

First Choice is a commercial plumbing and heating services business located in Hollis, New York. (*Id.* ¶¶ 10–11.) Plaintiffs are former employees of First Choice. (*Id.* ¶¶ 6–8.) Plaintiff Aldana was employed by First Choice as a driver operating the company truck between December

---

[1] The following facts are taken from the Second Amended Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

1

2021 until on or around November 7, 2022. (*Id.* ¶ 40.) Plaintiff Aldana's hours were not accurately tracked, he worked a five-day week, for an average of 47.5 hours, and he was not given meal or rest breaks throughout his employment. (*Id.* ¶¶ 42, 44.) Plaintiff Aldana earned a fixed income—$750 per week regardless of the hours he worked. (*Id.* ¶ 45.)

Plaintiff Ulloa worked for First Choice as a plumber from around January 2017 until on or around November 7, 2022, connecting water lines, performing excavations, and performing plumbing work for businesses and residences. (*Id.* ¶¶ 46–47.) Plaintiff Ulloa worked Mondays through Fridays, for an average of 50 hours per week, but received a fixed weekly salary of $950 regardless of the hours he worked. (*Id.* ¶¶ 48, 51.) His hours were not accurately tracked, and he did not receive breaks. (*Id.* ¶¶ 49–50.)

Defendants Veronica and Ron Azulai run First Choice and exercise "significant control over" its operations. (*Id.* ¶ 13.) They have "the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records." (*Id.*) "At all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities and for supervising their performance." (*Id.* ¶ 14.)

Plaintiffs allege that "Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA." (*Id.* ¶ 30.) Specifically, Defendants have "fail[ed] to pay employees the requisite overtime rates for all hours worked in excess of forty (40) per week." (*Id.*) They also failed to provide Plaintiffs information required by New York Labor Law ("NYLL") § 195(1), such as "a payroll notice at the time of their hire, or at any time thereafter, containing allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the

name of the employer," or its addresses. (*Id.* ¶ 54.) Nor did Plaintiffs receive from Defendants "a statement listing Plaintiffs' regular and overtime rates of pay and the accurate number of regular and overtime hours worked." (*Id.* ¶ 55.)

When Plaintiffs complained to Defendants on November 4, 2022, and requested the overtime wages they believed Defendants owed them, "Defendants responded by instructing the employees, including Plaintiffs, to go home and wait to be called back to work." (*Id.* ¶¶ 57–58.) On November 7, 2022, Plaintiffs reported to work but were again told to go home and wait to be called back to work. (*Id.* ¶ 60.) Plaintiffs have not been called back to work since raising those complaints. (*Id.* ¶ 61.)

On July 13, 2023, Plaintiffs commenced this action alleging willful violations of the FLSA and NYLL. (*See* Compl. ¶¶ 57–88, ECF No. 1.) On October 2, 2024, Defendants asserted counterclaims against Plaintiffs for breach of contract, unjust enrichment, and gross negligence. (*See* Answer ¶¶ 146–76, ECF No. 15.)[2] On October 23, 2024, Plaintiffs filed an amended complaint asserting new causes of action for retaliation. (*See* First Am. Compl. ¶¶ 79–106, ECF No. 18.) On January 8, 2024, Plaintiffs filed the instant Complaint, alleging overtime and retaliation claims pursuant to the Fair Labor Standards Act ("FLSA") and NYLL, as well as claims for failure to provide wage statements and payroll notices pursuant to the NYLL. (*See* SAC ¶¶ 57–102.)

---

[2] The counterclaims for breach of contract and unjust enrichment were only asserted as to Plaintiff Molina, arising from his alleged failure to pay rent he owed on a lease for which Defendant Ron Azulai was a guarantor. (Answer ¶¶ 146–60.) Defendants asserted the counterclaim for gross negligence against all Plaintiffs in connection with an automobile accident in which Defendant Aldana was involved while operating a First Choice vehicle and Defendants Molina's and Ulloa's alleged failure to complete inspection of a worksite. (*Id.* ¶¶ 161–76.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (internal citation omitted). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

## DISCUSSION

FLSA's anti-retaliation provision makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [FLSA]." 29 U.S.C. § 215(a)(3). Courts analyze FLSA retaliation claims under the three-step burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010) (citation omitted). A plaintiff alleging retaliation under FLSA must therefore plead facts showing a prima facie case of retaliation, namely: (1) participation in protected activity known to the defendant, like the filing of a FLSA

4

lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011) (citing *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)).[3]

As relevant here, an employment action disadvantages an employee if "it well might have 'dissuaded a reasonable worker from making or supporting [similar] charge[s] . . . .'" *Mullins*, 626 F.3d at 53 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). District courts in this circuit have consistently held that baseless or frivolous lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions, although they do not arise strictly in an employment context. *Kim v. Lee*, No. 22-61, 2023 WL 2317248, at *3 (2d Cir. Mar. 2, 2023) (collecting cases and noting that the Second Circuit "assume[s], without deciding, that frivolous counterclaims could well dissuade a reasonable worker from pursuing an FLSA claim") (citations omitted). Where a plaintiff has not alleged that a lawsuit was baseless or frivolous, courts have typically held that the lawsuit did not constitute an adverse employment action. *Pawlowski v. Kitchen Expressions Inc.*, No. 17-CV-2943, 2017 WL 10259773, at *5 (E.D.N.Y. Dec. 15, 2017) ("A counterclaim cannot . . . constitute an adverse employment action unless it is frivolous"); *Khalid v. DJ Shirley 1 Inc.*, No. 15-CV-5926, 2019 WL 325127, at *2 (E.D.N.Y. Jan. 25, 2019), report and recommendation adopted, No. 15-CV-5926, 2019 WL 885931 (E.D.N.Y. Feb. 21, 2019) ("Plaintiffs have not alleged that the subject state court actions have been dismissed as baseless. Without the benefit

---

[3] The pleading requirements for retaliation claims under both the FLSA and NYLL "significantly overlap." *Han v. Shang Noodle House, Inc.*, 20-CV-2266 (PKC) (VMS), 2022 WL 4134223, at *6 (E.D.N.Y. Sept. 12, 2022) (quoting *Salazar v. Bowne Realty Associates, L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011)); *see also Brito v. Marina's Bakery Corp.*, 19-CV-828, 2022 WL 875099, at *12 (E.D.N.Y. Mar. 24, 2022). As such, both claims are analyzed using the same standards at the pleading stage. Han, 2022 WL 4134223, at *6. The Court does so here.

of that determination, Plaintiffs cannot allege, at this juncture, that the state court actions constitute an adverse employment action"); *Robinson v. De Niro*, 739 F. Supp. 3d 33, 89 (S.D.N.Y. 2023) (same). Defendants argue that the Court should dismiss Plaintiffs' retaliation claims because Plaintiffs have not alleged that the counterclaims were frivolous. (Defs.' Mem. of L. in Supp. Third Mot. Partial Dismissal Pl.'s Compl. ("Defs.' Mem") at 5–6, ECF No. 26-1.) Absent such allegations, Defendants argue, Plaintiffs cannot make a prima facie showing of an adverse employment action. (*Id.*) The Court agrees.

Here, Plaintiffs claim that Defendants' breach of contract, unjust enrichment, and gross negligence counterclaims are "baseless and meritless." (SAC ¶¶ 94, 105.) The necessary inquiry, therefore, is what a plaintiff must plead to sufficiently allege that the counterclaims are baseless – that is, that they "have no basis in fact or sound reason." *See Kim*, 2023 WL 2317248, at *3 (citing *Baseless, Blacks Law Dictionary* (11th ed. 2019)). On this question, the Court finds prior decisions on sham litigation in the antitrust context instructive. Indeed, in *Bill Johnson's Restaurants v. NLRB*, the Supreme Court likened baseless lawsuits intended to retaliate against an employee to sham litigation, which constitutes anti-competitive activity where it is merely an attempt to interfere with a competitor's business. 461 U.S. 731, 744 (1983)

To state that a lawsuit is merely an anti-competitive sham, a party must first allege that the action is "objectively baseless in the sense that no reasonable [person] could realistically expect success on the merits." *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 56–57 (1993). Courts assessing claims of sham litigation have consistently found that claimants must plead facts plausibly supporting a finding of baselessness. Successfully pleaded sham litigation claims have included allegations that a defendant had a pattern of initiating baseless actions against competitors. *See, e.g.*, *Alt. Electrodes, LLC v. Empi,*

6

*Inc.*, 597 F.Supp.2d 322, 331 (E.D.N.Y. 2009). Such claims have also been grounded in facts suggesting that defendants were aware of publicly available information that necessarily undermined their claims. *Id.* Still, a sham litigation claim may withstand a motion to dismiss where claimants can point to a court's finding that the disputed claims are without merit. *See Mover's & Warehousemen's Ass'n of Greater New York, Inc. v. Long Island Moving & Storage Ass'n, Inc.*, No. 98 CV 5373, 1999 WL 1243054, at *6–7 (E.D.N.Y. Dec. 16, 1999) (declining to find sham litigation where the court had dismissed antitrust claims as insufficiently alleged but not necessarily as "groundless or objectively baseless").

Plaintiffs in this case have alleged nothing of the sort. That is, all Plaintiffs offer are two naked assertions that Defendants' counterclaims lack merit. (*See* SAC. ¶¶ 94, 105.) And in fact, contrary to these assertions, Plaintiffs refer to Defendants' year-long awareness of incidents – that is, factual bases – that purportedly gave rise to their counterclaims. (*See id.* ¶ 96.) Plaintiff has "allege[d] in general terms" that Defendants' counterclaims are baseless but offer "no particulars to support the claim." *See Thomson Info. Servs., Inc. v. Lyons Com. Data, Inc.*, No. 97 CIV. 7716, 1998 WL 193236, at *1 (S.D.N.Y. Apr. 21, 1998) (declining to find sham litigation where "[w]hile the defendants so allege[d] in general terms, it offere[d], in response to [the] plaintiff's instant motion, no particulars to support the claim.") That is plainly insufficient for the Court to find that the counterclaims are baseless.

As Defendants argue, Plaintiffs' failure to allege that the counterclaims are baseless or frivolous is fatal to their effort to show an adverse employment action. (Defs.' Mem at 5–6.) Indeed, as the vast majority of courts in this circuit to consider the issue have found, a lawsuit filed during an ongoing litigation must be both baseless and made in bad faith in order to constitute an adverse employment action for purposes of a retaliation claim. *See Kim v. Lee*, No.

7

21 Civ. 3552, 2021 WL 6052122, at *11 (S.D.N.Y. Dec. 20, 2021) (collecting cases). Relying on the Supreme Court's reasoning in *Bill Johnson's Restaurants v. NLRB*, these courts have reasoned that "[t]he right to seek such redress is too important . . . to forbid a lawsuit, even when motivated by retaliatory animus. This is only true, however, if the suit has a basis in fact and law, as the First Amendment does not protect baseless or frivolous litigation." *Pawlowski*, 2017 WL 10259773, at *5 (citing *Bill Johnson's*, 461 U.S. 731, 743 (1983) (internal citations omitted). This Court, too, finds this reasoning persuasive.

In opposition, Plaintiffs argue that a FLSA claim can survive a motion to dismiss even where an employer's action is not necessarily baseless, as long as the retaliatory animus is effectively the but-for cause of commencing the action. (Pls.' Opp at 9–10 (citing *Romero v. Bestcare, Inc.*, No. CV 15-7397, 2018 WL 1702001, at *5 (E.D.N.Y. Feb. 28, 2018), report and recommendation adopted, No. 15CV7397JSGRB, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018); *Rodriguez v. Nat'l Golf Links of Am.*, No. 19CV7052, 2020 WL 3051559, at *5 (E.D.N.Y. June 8, 2020).) In essence, Plaintiffs urge that satisfaction of the third element necessary to state a claim for retaliation – causal connection between the protected activity and disputed employment action – is sufficient to satisfy the second element – a showing that the employment action is adverse. *See Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011) (citing *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)). To adopt such a revision would render the third element of a retaliation claim completely superfluous. The Court declines to do so.[4] Indeed, the Court abides by the majority position in this circuit in concluding

---

[4] Even if the Court accepted Plaintiffs' proposal that a showing of retaliatory animus was sufficient to plead an adverse employment action, Plaintiffs' bare allegation that defendants countersued in retaliation would not be enough to make such a showing. (SAC ¶ 106.) Plaintiffs allege that the circumstances underlying Defendants' claims for breach of contract, unjust enrichment, and gross negligence, occurred over one year before Plaintiffs filed their lawsuit. (SAC ¶¶ 97, 101.) According to Plaintiffs, Defendants' decision to file these claims two and a half months after Plaintiffs filed this action necessarily means that Defendants would not have pursued these claims otherwise. (SAC ¶ 6.) Such conclusory assertions, without more, do not constitute a showing of but for retaliatory

that a counterclaim cannot constitute an adverse employment action unless it is frivolous. *See Pawlowski*, 2017 WL 10259773, at *5. Because Plaintiffs fail to allege that Defendants' counterclaims are without merit, Plaintiff's retaliation claim must be dismissed.[5]

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's retaliation claims is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
　　　　March 31, 2025　　　　　　　　　　L ASHANN D&#x115;ARCY HALL
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[5] animus. By contrast, in *Rodriguez*, where the court applied *Romero*'s holding to deny the defendants motion to dismiss the plaintiff's retaliation claims, the plaintiff alleged that the defendant commenced a state court action "after contacting [the plaintiff] numerous times and pressuring [the plaintiff] to either discontinue or settle the instant matter immediately." 2020 WL 3051559, at *2. There, the plaintiff offered facts beyond the mere timing of her action vis-à-vis the defendant's countersuit. Indeed, the plaintiff's allegations of contact from the defendant regarding the litigation supported an inference that the defendant would not have sued over the unpaid loan had the plaintiff abandoned the instant action. Such allegations are not present here.

[5] Because FLSA and NYLL claims are analyzed using the same standards at the pleading stage, *Han*, 2022 WL 4134223, at *6, Plaintiffs' NYLL retaliation claim is likewise dismissed.

9